## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RYAN TURIZO,
Individually and on behalf of all
others similarly situated,

      Plaintiff,

    v.

CASSA GROVE 28, LLC, d/b/a
ZOI HOUSE APARTMENTS,

      Defendant.

_____/

Case No.:

State Court Case No.: CACE-20-020102
Division: 05

## NOTICE OF REMOVAL OF STATE COURT ACTION
## TO UNITED STATES DISTRICT COURT

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

      PLEASE TAKE NOTICE that Defendant CASSA GROVE 28, LLC d/b/a Zoi House

Apartments ("Cassa Grove"), by and through its undersigned counsel, hereby removes to this

Court the state court action entitled RYAN TURIZO, Plaintiff, vs. CASSA GROVE 28, LLC,

d/b/a ZOI HOUSE APARTMENTS, Case No.: CACE-20-020102, Division 05 ("State Action").

      The State Action was filed on December 1, 2020 and Cassa Grove was served with the

Complaint on December 8, 2020. Therefore, this Notice of Removal is timely filed, pursuant to 28

U.S.C § 1446(b)(1). A copy of the Complaint and Return of Service are attached hereto as

Composite Exhibit "A."

      Cassa Grove respectfully presents to this Court the following grounds for removal:

**1.  This Civil Action is Founded on a Claim or Right Arising under the Laws of the
     United States**

The State Action is removable to this Court pursuant to 28 U.S.C. §1441(a), as Plaintiff's

Page 1 of 3

cause of action is a federal question arising under the laws of the United States, specifically the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and 47 C.F.R.§64.1200. In the State Action, Plaintiff alleges that Cassa Grove violated the TCPA by using an artificial or prerecorded voice to make telephone calls to Plaintiff without his prior express consent. Plaintiff does not allege violation by Cassa Grove of any state law. Accordingly, this matter presents a federal question and removal is appropriate under 28 U.S.C. §1441(a).

2. **The State Action is Nearly Identical to an Action Plaintiff Filed Against Cassa Grove in Federal Court on September 30, 2020 and Which Plaintiff Voluntarily Dismissed**

On or about September 30, 2020, Plaintiff filed an action against Cassa Grove, Case No.: 0:20-cv-61982, in U.S. District Court for the Southern District of Florida ("Prior Federal Action"). The Prior Federal Action alleged the same violation of the TCPA as the State Action. In response to the Prior Federal Action, the undersigned filed Defendant's Motion to Dismiss, or Alternatively, to Stay Proceedings Pending the U.S. Supreme Court's Decision in Facebook, Inc. v. Duguid, on or about November 20, 2020 ("Motion to Dismiss"). Please see a copy of the Motion to Dismiss attached hereto as Exhibit "B."

On or about November 23, 2020, Plaintiff dismissed the Prior Federal Action by filing a Notice of Voluntary Dismissal Without Prejudice ("Notice of Dismissal"). Please see a copy of the Notice of Dismissal attached hereto as Exhibit "C." Just over a week later, Plaintiff filed the State Action that is the subject of this Notice of Removal.

Pursuant to 28 U.S.C. §1446(d), the Clerk of the Court for the State Action and Plaintiff's counsel shall promptly be given written notice that the Notice of Removal has been filed and shall be provided a copy of the Notice of Removal.

WHEREFORE, Cassa Grove prays that this Notice of Removal be accepted as sufficient for

removal of the State Action to this Court.

Dated: December 24, 2020

FRANK SIMONE, P.A.
Attorneys for Cassa Grove 28, LLC
701 Brickell Ave., Suite 1550
Miami, Florida 33131
Telephone: (305) 221-8000
Facsimile: (305) 357-2510
Email: frank@franksimone.com


By:/s/  Frank C. Simone, Esq.
FRANK C. SIMONE, ESQ., CFP®
Florida Bar No. 131814

**Composite Exhibit "A"**

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

RYAN TURIZO,
*individually and on behalf of all others
similarly situated,*

     Plaintiff,

vs.

CASSA GROVE 28, LLC d/b/a
ZOI HOUSE APARTMENTS,

     Defendant.

_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Ryan Turizo brings this class action against Defendant Cassa Grove 28, LLC d/b/a Zoi House Apartments, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.     This is a putative class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2.     To promote its rental condominium, Defendant engages in unsolicited prerecorded calls without the requisite consent.

3.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

4.     Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Broward County, Florida.

5.     Defendant is, and at all times relevant hereto was, a Florida corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Miami, Florida. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

7.     Defendant is subject to personal jurisdiction in Florida because it is incorporated in Florida and its primary place of business is located in Florida.

8.     Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

## THE TELEPHONE CONSUMER PROTECTION ACT

9.     The TCPA prohibits: (1) any person from calling a telephone number; (2) using a prerecorded message; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

10.    The TCPA defines an "automatic telephone dialing system" ("ATDS") as "equipment that has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

11.    The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.     In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

13.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14.     A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## FACTS

15.     On or about September 24, 2020, Plaintiff called Defendant's business telephone number.

16.     Defendant did not answer Plaintiff's call and Plaintiff did not speak with anyone employed by Defendant.

17.     Notwithstanding, upon information and belief, Defendant "scraped" Plaintiff's cellular telephone number from the missed call.

18.     Defendant then placed a call to Plaintiff's cellular telephone number using a prerecorded message.

19.     When Plaintiff answered Defendant's call, he heard a prerecorded message stating that Defendant was returning Plaintiff's call, followed by an extended pause before a live representative joined the call. The live representative stated he understood Plaintiff was searching for an apartment to rent. Plaintiff then hung up the call.

20.     The purpose of Defendant's call to Plaintiff's cellular telephone number was to advertise and promote Defendant's rental condominium and solicit business from Plaintiff.

21.     Plaintiff never provided Defendant with his cellular telephone and never gave Defendant his prior express written consent to call him on his cellular telephone utilizing an ATDS or prerecorded message.

22.     Upon information and belief, Defendant caused similar calls to be sent to individuals residing within this judicial district.

23.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above call.

24.     Plaintiff never voluntarily provided or disclosed his telephone number to Defendant. Instead, Defendant "scraped" Plaintiff's telephone number from Plaintiff's inbound call, without Plaintiff's permission.

25.     At no point in time did Plaintiff provide Defendant with his express consent to be contacted using an ATDS.

26.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted using an ATDS.

## CLASS ALLEGATIONS

### PROPOSED CLASS

27.    Plaintiff brings this lawsuit as a class action on behalf of himself individually and

on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil

Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of

class and defined as:

> **All persons in the United States who from four years prior to the
> filing of this action until the date of a certification order received
> a prerecorded message on his or her telephone number from
> Defendant.**

28.    Defendant and its employees or agents are excluded from the Class. Plaintiff does

not know the number of members in the Class but believes the Class members number in the

several thousands, if not more.

### NUMEROSITY

29.    Upon information and belief, Defendant has placed automated calls to telephone

numbers belonging to thousands of consumers throughout the United States without their prior

express consent. The members of the Class, therefore, are believed to be so numerous that joinder

of all members is impracticable.

30.    The exact number and identities of the Class members are unknown at this time and

can be ascertained only through discovery. Identification of the Class members is a matter capable

of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

31.    There are numerous questions of law and fact common to the Class which

predominate over any questions affecting only individual members of the Class. Among the

questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency

calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

32. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

33. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

34. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

35. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate

claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

36.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the Class*

37.     Plaintiff re-alleges and incorporates paragraphs 1-37 as if fully set forth herein.

38.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…" 47 U.S.C. § 227(b)(1)(B).

39.     Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

40.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

41.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) and § 227(b)(1)(B) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

42.     Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

43.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

44.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of himself and the other members of the Class, pray for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## COUNT II
### VIOLATION OF 47 C.F.R. § 64.1200
*Individually and on behalf of the Class*

45.    Plaintiff re-alleges and incorporates paragraphs 1-37 as if fully set forth herein.

46.    It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an…artificial or prerecorded voice…To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

47.    Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party…" 47 C.F.R. § 64.1200(a)(3).

48.    Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

49.    These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

50.    Defendant has, therefore, violated § 64.1200(a)(1)(iii) and § 64.1200(a)(3) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

51.     Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

52.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

53.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of himself and the other members of the Class, pray for the following relief:

a.   A   declaration   that   Defendant's   practices   described   herein   violate   § 64.1200(a)(1)(iii) and § 64.1200(a)(3);

b.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.   An award of actual and statutory damages; and

d.   Such further and other relief the Court deems reasonable and just.

### JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant takes affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the communication or transmittal of the calls as alleged herein.

DATED: December 1, 2020

Respectfully submitted,

**HIRALDO P.A.**

/s/ *Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
mhiraldo@hiraldolaw.com
(t) 954.400.4713

**THE LAW OFFICES OF JIBRAEL S. HINDI**
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793
*Counsel for Plaintiff and the Class*

Filing # 117865538 E-Filed 12/08/2020 04:30:14 PM

## RETURN OF SERVICE

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-20-020102 05

Plaintiff:
**RYAN TURIZO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**

vs.

Defendant:
**CASSA GROVE 28 LLC DBA ZOI HOUSE APARTMENTS**

For:
Manuel Hiraldo
Hiraldo P.A.
401 E. Las Olas Blvd.
Ste 1400
Fort Lauderdale, FL 33301

Received by L & L Process, LLC. on the 2nd day of December, 2020 at 5:56 pm to be served on **CASA GROVE 28, LLC DBA ZOI HOUSE APARTMENTS REGISTERED AGENT C&E MANAGEMENT CORP, 2937 SW 27TH AVE, NO 202, MIAMI, FL 33133**.

I, Julio Melo, do hereby affirm that on the **8th day of December, 2020** at **1:36 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons and Class Action Complaint** with the date and hour of service endorsed thereon by me, to: **ALICIA DOMINGUEZ** as **AUTHORIZED / FRONT DESK** for **CASA GROVE 28, LLC DBA ZOI HOUSE APARTMENTS**, at the address of: **2937 SW 27TH AVE, NO 202, MIAMI, FL 33133**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: Hispanic, Height: 5'8", Weight: 135, Hair: Blonde, Glasses: N

## RETURN OF SERVICE For CACE-20-020102 05

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury, I declare that I have read the foregoing documents, and that the facts stated in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

**Julio Melo**
Certified Process Server #1179

**L & L Process, LLC.**
**13876 SW 56 Street**
**Suite 200**
**Miami, FL 33175**
**(305) 772-8804**

Our Job Serial Number: LLP-2020003437

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1w

Exhibit "B"

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

RYAN TURIZO,
Individually and on behalf of all
others similarly situated,

      Plaintiff,

      v.

CASSA GROVE 28, LLC, d/b/a
ZOI HOUSE APARTMENTS,

      Defendant.

_____/

Case No.: 0:20-cv-61982-AHS

Class Action

Jury Trial Demanded

### DEFENDANT'S MOTION TO DISMISS, OR ALTERNATIVELY, TO STAY PROCEEDINGS PENDING THE U.S. SUPREME COURT'S DECISION IN *FACEBOOK, INC. V. DUGUID*

Defendant CASSA GROVE 28, LLC d/b/a Zoi House Apartments, by and through its undersigned counsel, moves to dismiss the instant complaint, or alternatively, to stay all proceedings in this action pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid,* Case No. 19-511.

### Introduction

CASSA GROVE 28, LLC d/b/a Zoi House Apartments ("Cassa Grove") is the owner of a multi-family property that has 130 rental units (apartments) and 9,750 square feet of retail space. Cassa Grove is not a "telemarketer." It does not randomly call persons in the hope that they may want to rent an apartment or retail space. In fact, Cassa Grove only responds to persons who inquire about becoming a renter in response to non-telephonic advertisement -- just as Ryan Turizo ("Plaintiff" or "Mr. Turizo") did on September 24, 2020 at 11:15 a.m. when Mr. Turizo called

Cassa Grove and his call was returned by Cassa Grove at 4:44 p.m. that same day by Alex Jones.[1]

Plaintiff's Complaint attempts to state two causes of action, wherein he alleges that Cassa Grove violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") by placing a call to him using an automatic telephone dialing system ("ATDS") and by calling a number that is listed on the national do-not-call ("DNC") registry. Plaintiff's Complaint should be dismissed or this action should be stayed for the reasons set forth below.

Plaintiff lacks any concrete injury and, thus, has no standing. As set forth in the Complaint, Cassa Grove made a single call to Plaintiff on September 24, 2020. (Complaint. ¶24).

Additionally, the Eleventh Circuit recently confirmed that in order for a dialing system to constitute an ATDS, it must have the capacity to generate random or sequential phone numbers. See *Glasser v. Hilton Grand Vacations Co., LLC*, No. 18-14499, No. 18-13486, 2020 WL 415811 (11th Cir. Jan. 27, 2020). *Glasser* also held that dialing from a list of numbers, previously prepared by a caller, does not violate the TCPA.

Plaintiff's allegations of ATDS usage here are bare, and merely mimic the statutory language. The Complaint contains no factual support for its allegation of random or sequential number generation—a far cry from what *Glasser* requires. See ¶26 of Complaint (alleging only that "the call Defendant made to Plaintiff's Cellphone were [sic] made using an "automatic telephone dialing system" (an "ATDS")." The Complaint also lacks support for the allegation that the unidentified ATDS "has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including, but not

---

[1] This call by Mr. Turizo to Cassa Grove will be the subject of a forthcoming motion.

**FRANK SIMONE** P.A.    701 BRICKELL AVENUE . SUITE 1550 . MIAMI, FLORIDA 33131 . TELEPHONE (305) 221-8000
Law Offices

limited to, a predictive dialer) or an artificial or prerecorded voice." Nevertheless, calling from a list of pre-prepared numbers is not a violation of the TCPA. See *Glasser*, 2020 WL 415811, at *7. Plaintiff's allegations of ATDS usage fall short, and do not state a claim for relief.

Furthermore, Plaintiff's own allegations undermine his claims – as Plaintiff admits that for this one (1) call, there was a live person on the other end of the phone. This is fatal to his claim that the call was made using an ATDS or were entirely prerecorded (Complaint. ¶¶26-27) (admitting that a "live representative joined the call.")(Complaint ¶ 27).

As an alternative to a dismissal, Cassa Grove seeks a temporary stay of this action. On July 9, 2020, the Supreme Court granted certiorari in *Facebook v. Duguid,* U.S. Sup Ct. 19-511 to review whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not use a random or sequential number generator. The Supreme Court's Order granting certiorari is attached hereto as Exhibit "A." The Supreme Court is reviewing the Ninth Circuit Court of Appeal's decision in *Duguid v. Facebook*, 926 F.3d 1146 (9th Cir. 2019) which found that Facebook's dialing system met the criteria for an ATDS because it had the "capacity to dial stored numbers automatically." In accepting certiorari, the Supreme Court has framed the issue on as appeal as follows:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "**automatically dial**" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

See Exhibit "A" (Emphasis added).

The Supreme Court has scheduled *Facebook v. Duguid* to be heard on December 8, 2020. Therefore, this Court should temporarily stay this case pending the Supreme Court's decision, which goes to the heart of the instant action -- as Plaintiff has alleged that Cassa Grove used an

**FRANK SIMONE** P.A.     701 BRICKELL AVENUE . SUITE 1550 . MIAMI, FLORIDA 33131 . TELEPHONE (305) 221-8000
Law Offices

ATDS " . . using a random or sequential number generator . . . " (Complaint. ¶ 26).

## Factual Allegations

Plaintiff's allegations, even if taken as true, support dismissal. Plaintiff alleges in a conclusory fashion that, without his consent, Cassa Grove used an ATDS to call him on September 24, 2020. See Complaint, ¶¶24-26. Plaintiff pleads no detailed, factual allegations regarding random or sequential number generation. See Complaint, ¶¶ 26-27. Moreover, Plaintiff all but admits that there were no violations of the TCPA here, because he confirms that, for the single alleged call at issue, he spoke to a live person on the other end of the phone. See Complaint, ¶27 (admitting that he spoke to a "live representative").

Aside from these few bare, conclusory allegations, the rest of the Complaint consists of irrelevant legal argument and generic class allegations. Perhaps most telling is that the Complaint does not contain any details regarding the content of the call, other than that it was allegedly made by Cassa Grove. The Complaint's allegations are completely silent in this regard, leaving the Court in the dark on the purpose of the call and contents of the call -- which purpose, in point of fact, was to return Plaintiff's call. Without these key allegations, Plaintiff has fallen short of alleging violations of the TCPA.

## Memorandum of Law

### A.  Plaintiff's Complaint is Subject to Dismissal

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a complaint must "state a claim upon which relief can be granted." To meet this standard, a complaint must allege enough facts "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007). Notwithstanding this deference, the reviewing court need not accept legal conclusions as true.

FRANK SIMONE P.A.        701 BRICKELL AVENUE . SUITE 1550 . MIAMI, FLORIDA 33131 . TELEPHONE (305) 221-8000
Law Offices

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, Plaintiff must establish a concrete injury to have standing, even in the context of the TCPA. *Salcedo v. Hanna*, 938 F.3d 1162 (11th Cir. 2019).

> **1.     Plaintiff lacks concrete injury and, thus, has no standing.**

The Court in *Hanna* found that one (1) violation of the TCPA did not provide the Plaintiff with standing. In so finding, the court stated "[a]s we have also noted, the 1992 amendment allowing the FCC to exempt free-to-receive calls to cell phones, suggests less congressional concern about calls to cell phones. And by nature of their portability and to be silenced, cell phones may involve less of an intrusion than calls to a home phone." *Id.* at 1170. The court further stated that "[t]o be sure, under our precedent, allegations of wasted time can state a concrete harm for standing purposes. . . concrete harm from wasted time requires, at the least, more than a few seconds. And on this point the judgment of Congress sheds a final ray of light. The TCPA instructs the FCC to establish telemarketing standards that include releasing the called party's line within five seconds of a hang-up, demonstrating that, on margin, Congress does not view tying up a phone line for five seconds as a serious intrusion." *Id.* at 1173.

In the instant action, Plaintiff claims that his injury was "making Plaintiff's Cellphone unavailable for legitimate calls and/or making Plaintiff's Cellphone unavailable for outgoing calls while Plaintiff's Cellphone was ringing from Defendant's call." (Complaint. ¶35).

Based upon *Hanna*, this Court should dismiss Plaintiff's complaint. Plaintiff has no concrete injury and, thus, has no standing to bring this action.

**FRANK SIMONE** P.A.      701 BRICKELL AVENUE . SUITE 1550 . MIAMI, FLORIDA 33131 . TELEPHONE (305) 221-8000
Law Offices

**2. Plaintiff's Boilerplate ATDS Allegations Are Insufficient to State a Cause of Action upon which Relief may be Granted.**

"To sufficiently plead the ATDS element of a TCPA claim, a plaintiff may not merely recite the statutory elements of the use of an ATDS or prerecorded voice without alleging additional facts to support those facts." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355-56 (S.D. Fla. 2018); *Turizo v. Jiffy Lube Int'l Inc.*, 2019 WL 4737696 (S.D. Fla. Sept. 27, 2019) (holding that complaint lacked detail regarding ATDS usage and allegations were "insufficient to plausibly allege the use of an ATDS"); *Simon v. Ultimate Fitness Grp., LLC*, No. 19-CV-890, 2019 WL 4382204, at *7 (S.D.N.Y. Aug. 19, 2019) (requiring factual allegations that are "plausible indicia of an ATDS"); *Sterling v. Securus Techs., Inc.*, No. 3:18-CV-1310 (VAB), 2019 WL 3387043, at *1 (D. Conn. July 26, 2019) ("Plaintiffs must do more than simply parrot the statutory language."); *Douek v. Bank of Am. Corp.*, No. 17-2313, 2017 WL 3835700, at *2 (D.N.J. Sept. 1, 2017) ("[A] bare allegation that defendants used an ATDS is not enough.").

Plaintiff's allegations are not sufficient under *Glasser* to state a claim because there are no facts pled supporting that a random or sequential number generator was used. See Complaint, ¶26-27 (alleging only that "the call Defendant made to Plaintiff's Cellphone were [sic] made using an "automatic telephone dialing system" (an "ATDS")."").   The Complaint also lacks support for the allegation that the unidentified ATDS "has the capacity to store numbers on a list and to dial from a list." See Complaint. ¶26-27. Even if this allegation were true, in this Circuit, calling from a list of numbers is not a TCPA violation. See *Glasser,* 2020 WL 415811, at *7.

**3. Plaintiff's Failure to Plead Details About the Contents of the Alleged Calls is Fatal to His Claims**

The FCC explained that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent

instructions to the contrary." See *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752, 8769 (Oct. 16, 1992).

Based on the insufficiency of Plaintiff's pleading, Plaintiff has failed to state a claim. Plaintiff has not sufficiently pled which consent standard applies, due to his failure to allege the nature and scope of the call's content.   See *Brooks v. The Kroger Co.*, No. 19-cv-00106, 2019 WL 3778675 (S.D. Cal. Aug. 12, 2019) (dismissing complaint where plaintiff did not allege that "the calls were done for marketing purposes" and thus failed to state a cause of action); *Williams-Diggins v. Republic Services*, No. 18-cv-2313, 2019 WL 5394022, at *2 (N.D. Ohio Apr. 25, 2019) (dismissing TCPA complaint because it did not allege that telephone solicitations occurred, "[t]hus, the TCPA does not apply").

### 4.      Plaintiff's Admission That He Spoke to a Live Person is Fatal to His Claim

The TCPA prohibits the making of "any call" other than an emergency call "using an automatic telephone dialing system or an artificial or *prerecorded voice*" to "any telephone number assigned to a ... cellular telephone service" without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added). Plaintiff's own allegations undermine his claims. Plaintiff admits that, for each alleged call at issue, he spoke to a live person on the other end of the phone. See Complaint, ¶27 (admitting that Plaintiff spoke to a "live representative"). Taking Plaintiff's allegation as true, the call at issue was a live call, with a human on both ends of the phone.

These facts do not give rise to TCPA liability because only calls which are entirely pre-recorded and lack any human interaction trigger the TCPA's prerecorded call restrictions. See e.g., *Moser v. F.C.C.*, 46 F.3d 970 (9th Cir. 1995).   In fact, the FCC's own brief in *Moser* conceded that Congress had granted greater latitude where there was interaction between humans than where

Page  7  of  9

there were only machine-based messages. See *FCC Brief for Appellant FCC*, 1993 WL 13101270, at *10. The FCC noted that "the demarcation drawn by the statute, which gives greater protection to human exchange than prerecorded announcements," was further supported by state experiences, favorably citing a finding that "the distinction between live and prerecorded calls 'addresses the inescapable fact that machines cannot ascertain the propriety of proceeding with a message.'" *Id.*; see also *Reply Brief for Appellants Federal Communications Commission*, 1994 WL 16014724, p. 4 ("In contrast..., an automated message, 'cannot interact with the customer except in preprogrammed ways' and does 'not allow the caller to' ...ask questions, register complaints, or ask not to be called again."). Here, Plaintiff admits he spoke to a live person during the call at issue. See Complaint. ¶27. Dismissal is therefore required.

**B.** **Alternatively, the Court Should Stay this Case Pending the Supreme Court's Ruling.**

As an alternative to a dismissal, Cassa Grove seeks a temporary stay of this action. On July 9, 2020, the Supreme Court granted certiorari in *Facebook v. Duguid* to review whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not use a random or sequential number generator. The Supreme Court's Order granting certiorari is attached hereto as Exhibit "A." The Supreme Court is reviewing the Ninth Circuit Court of Appeal's decision in *Duguid v. Facebook*, 926 F.3d 1146 (9th Cir. 2019) which found that Facebook's dialing system met the criteria for an ATDS because it had the "capacity to dial stored numbers automatically." In accepting certiorari, the Supreme Court has framed the issue on as appeal as follows:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "**automatically dial**" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

Page 8 of 9

See Exhibit "A" (Emphasis added).

The Supreme Court has scheduled *Facebook v. Duguid* to be heard on December 8, 2020. Therefore, this Court should temporarily stay this case pending the Supreme Court's decision, which goes to the heart of the instant action -- as Plaintiff has alleged that Cassa Grove used an ATDS " . . using a random or sequential number generator . . . " (Complaint. ¶ 26).

WHEREFORE, Cassa Grove respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's claims or, in the alternative, stay this case pending the forthcoming decision from the United States Court in *Facebook v. Duguid* in Case No. 19-511 that is scheduled for oral argument on December 8, 2020, and granting Cassa Grove such further and additional relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on November 20, 2020, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that a true and correct copy of the foregoing was served by electronic notice on Counsel for Plaintiff, Jibrael S. Hindi, Esq., The Law Offices of Jibrael S. Hindi to jibrael@jibraellaw.com.

> FRANK SIMONE, P.A.
> Attorneys for Cassa Grove 28, LLC
> 701 Brickell Ave., Suite 1550
> Miami, Florida 33131
> Telephone: (305) 221-8000
> Facsimile: (305) 357-2510
> Email: frank@franksimone.com
>
>
> By:/s/ Frank C. Simone, Esq.
> FRANK C. SIMONE, ESQ., CFP®
> Florida Bar No. 131814

Facebook, Inc. v. Duguid, --- S.Ct. ---- (2020)

2020 WL 3865252
Only the Westlaw citation is currently available.
Supreme Court of the United States.

FACEBOOK, INC., Petitioner,
v.
Noah DUGUID, et al.

No. 19-511.
|
July 9, 2020

Case below, 926 F.3d 1146.

**Opinion**

**\*1** Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit granted limited to Question 2 presented by the petition.

**All Citations**

--- S.Ct. ----, 2020 WL 3865252 (Mem)

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.

**Exhibit "A"**

No. _____

In the
# Supreme Court of the United States

FACEBOOK, INC.,

*Petitioner*,

v.

NOAH DUGUID, individually and on behalf of
himself and all others similarly situated,

*Respondent,*

and

UNITED STATES OF AMERICA,

*Respondent-Intervenor*

**On Petition for Writ of Certiorari to the
United States Court of Appeals
for the Ninth Circuit**

## PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| ANDREW B. CLUBOK | PAUL D. CLEMENT |
| ROMAN MARTINEZ | *Counsel of Record* |
| SUSAN E. ENGEL | DEVIN S. ANDERSON |
| SAMIR DEGER-SEN | KASDIN M. MITCHELL |
| GREGORY B. | LAUREN N. BEEBE |
| IN DEN BERKEN | KIRKLAND & ELLIS LLP |
| LATHAM | 1301 Pennsylvania Ave., NW |
| & WATKINS LLP | Washington, DC 20004 |
| 555 Eleventh Street, NW | (202) 389-5000 |
| Suite 1000 | paul.clement@kirkland.com |
| Washington, DC 20004 | |

*Counsel for Petitioner*

October 17, 2019

2. Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:20-cv-61982-AHS**

RYAN TURIZO,
*Individually and*
*on behalf of all others similarly situated*,

       Plaintiff,                                  CLASS ACTION

v.                                             JURY TRIAL DEMANDED

CASSA GROVE 28, LLC d/b/a
ZOI HOUSE APARTMENTS,

       Defendant.

_____/

## NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE

     Plaintiff Ryan Turizo, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), hereby voluntarily dismisses the instant action. All claims of Plaintiff Ryan Turizo, individually, are hereby dismissed <u>without</u> prejudice. All claims of the putative class members are hereby dismissed <u>without</u> prejudice.

Dated: November 23, 2020

                                   Respectfully submitted,

                                   */s/ Manuel S. Hiraldo*
                                   Manuel S Hiraldo
                                   HIRALDO P.A.
                                   401 E. Las Olas Boulevard
                                   Suite 1400
                                   Ft. Lauderdale, FL 33301
                                   954-400-4713
                                   Email: mhiraldo@hiraldolaw.com